IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:26-CR-003 |
| | : | |
| v. | : | Judge Jeffrey Hopkins |
| | : | |
| VISION & BEYOND, et al. | : | **AGREED PROTECTIVE ORDER** |
| | : | **REGARDING DISCOVERY** |
| | : | |

WHEREAS, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Maryland v. Brady*, 373 U.S. 83 (1963) and its progeny, and 18 U.S.C. § 3500, the government will provide materials to the defendant in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but are not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

WHEREAS, the government represents that the Discovery Materials include sensitive information, the unrestricted dissemination of which could adversely affect law enforcement interests, and the privacy interests of third parties and victims;

WHEREAS, the parties agree that the government has a compelling interest in preventing some of the aforementioned Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing national security investigations and prosecutions, and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

1

IT IS ORDERED that:

1.      Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the parties shall produce Discovery Materials as required with the designation of "Confidential – Subject to Protective Order."   The parties shall also mark each page of each document and each item provided as Discovery Materials with a unique identifying prefix and number.

2.      To the extent the Discovery Materials include bank records or financial records, the parties will not be required to redact portions of the bank account numbers. However, as Discovery Materials, such bank records will be kept confidential according to the terms of this Protective Order.

3.      The "Defense Team" is defined as (i) the defendant; (ii) counsel of record for the defendant and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff) and (iii) experts, translators, interpreters, consultants and investigators retained to assist in the preparation of the defense.

4.      Except as provided in this Order, Discovery Materials produced by the government can be shared with all members of the Defense Team and may be left in the possession of the Defendant.  Discovery Materials shall not be further disseminated[1] by the Defense Team to any individuals, organizations or other entities outside the Defense Team. However, members of the Defense Team, but not the defendant, may show (but not provide copies of) any Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case.

---

[1]   "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

2

5.      Each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and will be advised that he or she shall not further disseminate the materials, except as provided herein.  No Discovery Materials shall be disseminated to any member of the Defense Team, as defined above, expert witness or translator retained by the Defense Team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order.  The signed Acknowledgment shall be provided to opposing counsel. The substitution, departure, or removal for any reason from this case of counsel for the defendant, expert witness, translator, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

6.      Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Team.

7.      The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed. Upon written request of the Government, all Discovery Materials not previously destroyed shall be returned to the Government.

8.      All Discovery Materials are to be provided to counsel of record for the defendant, and used by the defendant and the Defense Team solely for the purpose of allowing the defendant to prepare his defense. The defendant and Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials

3

for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

9.     Nothing in this Order shall preclude the government or the defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials.  This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**


 March 16, 2026
DATE                                      HONORABLE JEFFREY HOPKINS
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF OHIO



**SO STIPULATED:**


DATED:  March 16, 2026              */s/ Brad Moermond*
                                    *Counsel for Defendant Stanislav Grinberg*

DATED:  March 16, 2026              */s/ Clyde Bennett*
                                    *Counsel for Defendant Keya Hamilton*

DATED:  March 16, 2026              */s/ Herb Haas*
                                    *Counsel for Defendant Kelly West*

DATED:  March 16, 2026              *s/ Timothy S. Mangan*
                                    TIMOTHY S. MANGAN
                                    ROB PAINTER
                                    Assistant United States Attorneys


4

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he (she) has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned United States v. Vision & Beyond, et al., Criminal No. 1:26-cr-003, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____       BY: _____
                                     (type or print name)


                               SIGNED: _____